

LERNER
DAVID
LITTENBERG
KRUMHOLZ
&
MENTLIK
LLP

600 SOUTH AVENUE WEST · WESTFIELD, NEW JERSEY 07090
908.654.5000 · FAX 908.654.7866 · WWW.LDLKM.COM

PATENTS, TRADEMARKS, COPYRIGHTS & UNFAIR COMPETITION

Stephen F. Roth
908.518.6362
SRoth@ldlkm.com

**Document Filed Electronically**

June 25, 2013

The Honorable Jerome B. Simandle
United States District Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

   Re: DDT 6.1-004
    *Data Distribution Technologies LLC v. BRER Affiliates Inc. et al.*
    Civil Action No. 12-4878-JBS-KMW

Dear Judge Simandle:

  The undersigned represents the Plaintiff Data Distribution Technologies LLC in the above-referenced action. We write to request that Defendants' Second Joint Motion for Dismissal Under Rule 12(b)(6) (Dkt.35) be adjourned, as being premature and improperly positioned ahead of the claim construction timing of the Local Patent Rules. The parties have conferred on this issue and Defendants refused to withdraw this motion.

  This is Defendants' second attempt to derail the prosecution of this case by a Rule 12(b)(6) motion. The basis for Defendants' current motion is alleged patent ineligibility under 35 U.S.C § 101. Defendants claim that Plaintiff's patent-in-suit covers an ineligible business method.

  As an initial matter, it would be a far reach to invalidate a patent on a Rule 12(b)(6) motion, given the strong statutory presumption of patentability afforded all patents that could only be overcome by clear and convincing evidence. Moreover, as discussed further below, Defendants' motion is premature. In many § 101 challenges, including this one, patentability analysis requires claim construction as a prerequisite. Accordingly, Defendants' motion should be postponed until claim construction is performed pursuant to the process provided in the Local Rules for the District of New Jersey. Thus, Plaintiff also respectfully requests that the Court schedule a Rule 16 conference to set a schedule for such proceedings.


**Claim Construction Is a Necessary Predicate to Reviewing**
**Defendants' Motion For Patentability Under § 101**

In 2010, the Supreme Court decided *Bilski v. Kappos*, 130 S. Ct. 3218 (2010), which defined a flexible test for determining patent eligibility under section § 101. Over the past three years, the *Bilski* decision spurred much debate. Only last month, the Federal Circuit issued an *en banc* opinion in *CLS Bank International v. Alice Corp.*, _____ F.3d _____, No. 2011-1301, 2013 WL 1920941 (Fed. Cir. May 10, 2013) (en banc), attempting to clarify the state of the law. The *CLS Bank* decision resulted in five opinions and "additional reflections" from Chief Judge Rader, none garnering a majority. As evidenced by the lack of agreement among the judges in the Federal Circuit, perhaps the most enlightening statement by the court was that, "[w]hile simple enough to state, the patent-eligibility test has proven quite difficult to apply." *CLS Bank*, 2013 WL 1920941, at *5.

Given the status of § 101 jurisprudence, claim construction is needed more than ever. The Federal Circuit has frequently observed that it will "ordinarily be desirable - and often necessary - to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *See, e.g., Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012). And, only a week ago, the Federal Circuit reversed a district court § 101 invalidity finding and stated that claim construction was required before a § 101 invalidity determination can be made:

> First, it will be <u>rare</u> that a patent infringement suit can be dismissed at the pleading stage for lack of patentable subject matter. This is so because every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary. . . .
>
> Second, as is shown more fully below, the analysis under § 101, while ultimately a legal determination, is rife with underlying factual issues. . . .
>
> <u>Third, and in part because of the factual issues involved, claim construction normally will be required.</u>

*Ultramercial, Inc. v. Hulu, LLC*, _____ F.3d _____, No. 2010-1544, 2013 WL 3111303, at *2-3 (Fed. Cir. June 21, 2013) (emphasis added).

Defendants' motion fails to even address appropriate claim construction, and, as a Rule 12 motion, cannot even begin to address the "rife" factual issues. The brief merely provides a description of the patented invention as "directed to nothing more scientific or technical than the abstract idea of sending an email message to users when changes to information in the database are made." (Dkt.35-1, at 3.) Yet the patent-in-suit includes


over 30 pages of figures, and 12 pages of written description. This provides substantial details of technical structure and hardware required by the patented computer systems and methods.

Defendants' motion alleges that "claim 22 recites only highly-abstract computer-type steps . . . ." (Dkt.35-1, at 4.) But construction of terms such as "message" will have substantial bearing on the subject matter eligibility analysis under § 101. Properly construed, the term "message" (along with other limitations of the claims) provides meaningful limits to the claims and will satisfy the machine or transformation test and therefore the requirements of § 101. For example, the "message" described in the patent includes a special kind of electronic communication that has multiple attributes that provide advantages over the prior art and which cannot be executed by a human. This construction would avoid a § 101 challenge. Analogous claims have been found to be patentable. *See, e.g.*, *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1376 (Fed. Cir. 2011) (describing the claim in *Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859, 868 (Fed. Cir. 2010) as patentable because the method required manipulation and output of computer data structures and could not be practically performed entirely in a human's mind). Therefore, a full claim construction process needs to be conducted before Defendants' motion could become ripe.

### Conclusion

New Jersey's Local Patent Rules were established to develop a system that puts in line significant events in determining patent rights including claim construction. Defendants' motion would have this Court skip over that thoughtful process. Accordingly, Plaintiff respectfully requests that Defendants' motion be adjourned, and that the case proceed to claim construction according to the normal rules established in this district. Plaintiff also respectfully requests a Rule 16 conference to set forth the schedule in this case.

Respectfully Submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Data Distribution
Technologies LLC*

By: _____

SFR/AS:grh

cc: Counsel of Record (via ECF service)

3204414_1.docx