

RALPH A. DENGLER *
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4825 Fax: (973) 639-6381
rdengler@gibbonslaw.com
* NY Bar Only

June 26, 2013

**VIA ECF AND FEDERAL EXPRESS**

Honorable Chief Judge Jerome B. Simandle, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re: *Data Distribution Technologies LLC v. BRER Affiliates, Inc. and Prudential Financial, Inc.*, Civil Action No. 12-4878 (JBS)(KMW)

Dear Judge Simandle:

This firm represents Defendant BRER Affiliates, Inc. ("BRER"), in the above-referenced action. Together with counsel from Fitzpatrick, Cella, Harper & Scinto for co-defendant Prudential Financial, Inc., we jointly write in response to Plaintiff Data Distribution Technologies LLC's June 25, 2013 letter to the Court (D.I. 38), opposing Defendants' Second Joint Motion for Dismissal under Rule 12(b)(6) (D.I. 35, "the Motion"). The Motion Day is July 15, 2013.

The Motion seeks dismissal of the present action under Fed. R. Civ. P. 12(b)(6), because the patent-in-suit is directed to an ineligible abstract idea. Instead of addressing the merits of the Motion head-on, Plaintiff attempts to dodge them for the time being by arguing that the Motion should be "adjourned, as being premature" because it was made ahead of claim construction (D.I. 38 at 1). Plaintiff's chosen approach in this regard underscores the weakness of its patent. The Motion is by no means premature, and Defendants respectfully submit that this Court should decide the Motion on the record that has been developed, including Plaintiff's Amended Complaint (with the patent-in-suit attached thereto) (D.I. 29), Defendants' Opening Brief (D.I. 35-1), Plaintiff's June 25 letter (D.I. 38) and this letter in reply thereto.

The Federal Circuit has stated expressly that "claim construction is ***not*** an inviolable prerequisite to a validity determination under § 101." *Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada (U.S.)*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012) (emphasis added). Indeed, the Supreme Court and Federal Circuit have affirmed the invalidity of patents under Section 101 without first requiring the district court to conduct a claim construction analysis. *See, e.g., Bilski v. Kappos*, 130 S. Ct. 3218, 3231 (2010); *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366 (Fed. Cir. 2011). And, as discussed in Defendants' Opening Brief, numerous district courts – including the District of New Jersey – have found patents invalid under Section 101 on a motion to dismiss, without first construing the claims at issue. (*See* D.I. 35-1 at 6-7, 14-17).[1]

---

[1] Notably, Plaintiff fails to address or even acknowledge these decisions in its letter.

Plaintiff cites to the recent Federal Circuit decision in *Ultramercial, Inc. v. Hulu, LLC*, __ F.3d __, 2013 WL 3111303 (Fed. Cir. June 21, 2013) to support its assertion that this Court must engage in a claim construction exercise before it can invalidate the patent under Section 101. (D.I. 38 at 2). But *Ultramercial* in no way overrules or alters the rule of *Bancorp* that "claim construction is not an inviolable prerequisite," and to the contrary *Ultramercial* is express that "[t]his court has never set forth a bright line rule requiring district courts to construe claims before determining subject matter eligibility." *Id.*, 2013 WL 3111303, at *3. As *Ultramercial* makes plain, the key to determining whether claim construction is required is whether there are factual disputes. *Id.* ("On the other hand, *if there are factual disputes*, claim construction should be required.") (emphasis added).[2] Here, Plaintiff makes only bald, unsupported references to "the 'rife' factual issues" that are supposedly at play (D.I. 38 at 2), but fails to identify a single one. Instead, Plaintiff attempts to create a semblance of factual disputes, by pointing to the number of figures ("30 pages of figures") and the length of the text ("12 pages of written description") that allegedly provide "substantial details of technical structure and hardware" (D.I. 38 at 3). But no figures, text or details are identified, and no explanations are given as to how they might give rise to a factual dispute.

In support of its argument that claim construction is needed here, Plaintiff offers that the claim term "message" should be construed as "a special kind of electronic communication that has multiple attributes that provide advantages over the prior art and which cannot be executed by a human" and contends that "[t]his construction would avoid a § 101 challenge." (D.I. 38 at 3). As a threshold matter, such a claim construction – which includes amorphous and nondescript phrases like "special kind," "multiple attributes" and "advantages over the prior art" – is untenable on its face, and only serves to underscore the abstract nature of the '908 patent claims. And in any case, even if the term "message" were construed as being something "electronic" which "cannot be executed by a human," that would not save the claim from being patent ineligible under Section 101. As the Supreme Court stated in *Bilski*, "adding token postsolution components d[oes] not make the concept patentable." *Bilski v. Kappos*, 130 S. Ct. 3218, 3231 (2010); *see also In re Bilski*, 545 F.3d 943, 957 (Fed. Cir. 2008) (noting that "even if a claim recites a specific machine …, the recited machine … must not constitute mere 'insignificant postsolution activity'"). In *Vacation Exchange, LLC v. Wyndham Exchange & Rentals, Inc.*, in dismissing a complaint under Fed. R. Civ. P. 12(6)(b) because of ineligible subject matter, a Central District of California court considered a patent with a strikingly similar claim term, namely a "computer system notifying property management personnel of the user's selected

---

[2] Significantly, the *Ultramercial* court went on to render a decision in that case without claim construction, finding that "the subject matter at stake and its eligibility does not require formal claim construction." *Id.*, 2013 WL 3111303, at *4; *see also id.*, 2013 WL 3111303, at *18 (Lourie, J., concurring) ("I agree with the majority that no formal claim construction is needed to interpret the claims at this stage.").

timeshare interest." *See id.*, No. 2:12-cv-4229, Dkt. No. 27, at 2 (C.D. Cal. Sept. 18, 2012) (previously filed as D.I. 35-3). Even with this express language requiring a computer, the court held that the claims were unpatentable under Section 101, noting that "incorporation of token 'postsolution' components, such as a computer or database," could not render the abstract idea patentable.[3] *Id.* at 5.

Plaintiff argues that patent claims that are "[a]nalogous" to its own have been found patentable, citing to the claims at issue in *Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859 (Fed. Cir. 2010) in that regard. (D.I. 38 at 3). But even the most cursory comparison of the claims in *Research Corp.* to the claims at issue here reveals that the claims are in no way analogous. The claims in *Research Corp.* were directed to digital image halftoning technology, a complex process by which a computer is able to present many shades and color tones using only a limited number of pixel colors, and recited concrete and specific features, like comparing grey scale images with a blue noise mask. *Id.* at 862-66. Such claims are highly technical in nature, and stand in stark contrast to the present claims, which at bottom claim nothing more than a method in which interested users are notified about changes.

Finally, Plaintiff suggests that the Motion is improper because it asks the Court to "skip over" the claim construction proceedings set forth in New Jersey's Local Patent Rules. But of course, the Local Patent Rules are clear that "[t]he Court may modify the obligations or deadlines set forth in these Local Patent Rules based upon the circumstances of any particular case, including, without limitation, the simplicity or complexity of the case as shown by patents, claims, products or parties involved." L. Pat. R. 1.3. And indeed, following the January 1, 2009 effective date of the Local Patent Rules, the District of New Jersey has invalidated a patent under Section 101 without requiring claim construction proceedings under the Local Patent Rules. *See Glory Licensing LLC v. Toys "R" Us, Inc.*, No. 09-cv-4252, 2011 WL 1870591, at *1-4 (D.N.J. May 16, 2011). As developed above, the law does not require claim construction before making a validity determination under Section 101, and the Local Patent Rules in no way operate to contradict that. *See Bancorp*, 687 F.3d at 1273-74.

### **CONCLUSION**

Since the filing of the Motion, both the U.S. Supreme Court and the U.S Patent and Trademark Office have rendered decisions which further highlight the critical role the Section 101 standard for patent eligibility plays in ensuring that subject matter that Congress did not intend to be patented remains in the public domain. *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*,

---

[3] In invalidating the claims, the *Vacation Exchange* court also found that "claim construction would not clarify the Court's understanding of the claimed subject matter" because "[t]he relevant claims are clear" and "Plaintiff failed to show any construction that would dictate a different analysis regarding patentable subject matter." *Id.* at 3. The same holds true here.

__ S. Ct. __, 2013 WL 2631062, at *7-10 (June 13, 2013) (holding that a naturally occurring DNA segment is not patent eligible under Section 101 merely because it has been isolated); *SAP America, Inc. v. Versata Dev. Group, Inc.*, Case No. CBM2012-00001 (MPT) (P.T.A.B. June 11, 2013) (finding in a Covered Business Method Patent Review proceeding pursuant to Section 18 of the Leahy-Smith America Invents Act that claims directed to the pricing of products and services using a hierarchal arrangement of data are not patent eligible under Section 101). For the reasons set forth herein, Defendants' Section 101 Motion here is ripe and timely, and the Court should decline Plaintiff's invitation to "adjourn" the Motion, and decide the Motion on its merits and in Defendants' favor.

In view of the Local Civil and Criminal Rules of the U.S. District Court of New Jersey (With Revisions as of June 22, 2012), which provide only for a brief in support of a motion and a brief in opposition to a motion and preclude sur-replies without the permission of the Judge or Magistrate Judge to whom the case is assigned, no further briefing should be permitted without leave of the Court. *See* L. Civ. R. 7.1(d). To the extent that the Court might permit Plaintiff to file an additional brief, Defendants should be permitted to file a brief in reply thereto.

Please do not hesitate to have the Court's staff contact me with questions regarding the foregoing, or if we may be of any assistance to the Court. We thank the Court for its courtesies and consideration.

Respectfully submitted,

Ralph A. Dengler

cc: Hon. Karen M. Williams, U.S.M.J.
All counsel of record (*via ECF*)